[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8681
The plaintiff, State of Connecticut, appeals a declaratory ruling of the defendant, State Board of Mediation and Arbitration (SBMA), which ordered the plaintiff State to participate in the selection of an arbitrator. The SBMA's action was taken pursuant to General Statutes 4-176. The State's appeal is authorized by 4-183.
The case raises issues of first impression concerning the jurisdiction of the defendant, SBMA, and the effective date of Public Act 91-290.
Certain essential facts are undisputed. The defendant, Connecticut Employees Union Independent, Inc. (CEUI), has been the exclusive bargaining representative for the maintenance and service bargaining unit, commonly referred to as the NP-2 bargaining unit. The State operates the Newgate Prison and employs several workers there who perform guide and maintenance work. After the State recognized the CEUI as the representative for the Newgate Prison workers, the State and the CEUI began negotiations to revise the NP-2 collective bargaining agreement to include them. These midterm negotiations began in June, 1991.
During September, 1991, the State notified the CEUI that an impasse had been reached in the negotiations and that the State planned to implement its last offer. The CEUI then filed for interest arbitration with the SBMA on November 19, 1991, pursuant to General Statutes 5-276a, as amended by Public Act 91-290. On December 6, 1991, the SBMA directed the parties to select an arbitrator. The State objected, asserting that 5-176A, as amended, does not apply to these negotiations and that the SBMA has no jurisdiction to order arbitration. It essentially refused to comply with the SBMA's directive.
On March 26, 1992, the SBMA, sua sponte, initiated proceedings for a declaratory ruling, and on January 19, 1993, the SBMA issued a declaratory ruling. It took this action pursuant to General Statutes 4-176.
In its declaratory ruling, the SBMA determined that General Statutes 5-276a(c), as amended by Public Act 91-290, CT Page 8682 applied to these midterm bargaining agreement negotiations and that the SBMA could exercise jurisdiction over these negotiations. The SBMA found that an impasse was reached sometime after October 1, 1991, and that all of the requirements of 5-276a were met. It held, therefore, that arbitration could be initiated. Accordingly, the SBMA ordered the State to select an arbitrator pursuant to 5-276a(d).
Since the subject matter of the SBMA's decision is the arbitrability of collective bargaining negotiations in which the State was involved, the State has a specific legal interest in the decision. Furthermore, the State's interest has been specially and injuriously affected by the decision. Accordingly, the court finds that the State is aggrieved by that decision within the meaning of 4-183. See Light Rigging Co. v. DPUC, 219 Conn. 168, 173 (1991).
In its brief and at oral argument, the State proposes two arguments as the bases of its appeal: (1) that the SBMA exceeded its jurisdiction in issuing the declaratory ruling that is the subject of the appeal; and (2) that the declaratory ruling was in error insofar as it held that 91-290 applied to the negotiations in question. The court will consider each argument separately.
General Statutes 4-176 provides, in relevant part, as follows:
 (a) . . . an agency may on its own motion initiate a proceeding for a declaratory ruling as to the validity of any regulation, or the applicability to specified circumstances of a provision of the general statutes . . . on a matter within the jurisdiction of the agency.
The State concedes, in its brief, that the SMBA is an "agency" within the meaning of that statute. It argues, however, that General Statutes 5-273 provides that the subject matter of the SMBA's ruling the applicability of 5-276a(c) to the negotiations between the State and the CEUI — was not "a matter within the jurisdiction of the agency." The court agrees.
Section 5-273 provides, in relevant part, as follows:
 The state board of labor relations shall administer sections 5-270 to 5-280, inclusive, as follows: CT Page 8683
 . . . (b) The board shall have authority to make, amend and rescind such rules and regulations as may be necessary to carry out the provisions of sections 5-270 to 5-280, inclusive . . . . (Emphasis added).
This statute makes clear that it is the state board of labor relations (SBLR), not the defendant state board of mediation and arbitration (SBMA), that is the agency which has jurisdiction over the collective bargaining process in general. In its opening phrases, the statute also specifically identifies 5-276a as one of the statutes that the SBLR "shall administer." Furthermore, the statute grants the SBLR the authority to make regulations governing the implementation of the statutes over which it has jurisdiction. The defendant SBMA has an obvious and significant role in the arbitration mechanism, which is set forth in 5-276a. It would, therefore, arguably have authority to make regulations and declaratory rulings concerning its role and that of the arbitrator in the arbitration process. The statute does not, however, grant the SBMA any power to issue compliance orders in the event an employer or an employee organization refuses to enter the arbitration process. Rather, it is the SBLR which has the statutory authority to deal with that threshold subject. It follows that the SBMA does not have the authority to issue regulations on that subject. See Harper v. Tax Commissioner, 199 Conn. 133, 142 (1986), citing numerous cases to the effect that an administrative regulation cannot exceed the scope of the statute it seeks to implement. In accordance with 4-176(a), cited supra, it is a logical extension of this concept that the SBMA does not have authority to issue a declaratory ruling on the subject.
The State also argues that the defendants seek to give the Act an impermissible retroactive effect in applying it in these circumstances. The court agrees.
The amendment to the statute, indicated in upper case, reads as follows:
 (c) If, after a reasonable period of negotiation, OR, IN THE CASE OF NEGOTIATIONS BY THE PARTIES TO AN EXISTING COLLECTIVE BARGAINING AGREEMENT TO REVISE SUCH AGREEMENT CONCERNING ANY MATTER AFFECTING CT Page 8684 WAGES, HOURS AND OTHER CONDITIONS OF EMPLOYMENT, AFTER NINETY DAYS FROM THE COMMENCEMENT OF SUCH NEGOTIATIONS, the parties are unable to reach an agreement, both parties or either of them may initiate arbitration by filing with the state board of mediation and arbitration a list of the issues as to which an impasse has been reached. If such filing is not made jointly, a copy of the filing shall be served on the other party.
In its declaratory ruling, the defendant SBMA held that "[t]he only change that was introduced by Public Act 91-290 is that it now makes arbitration available to parties who are engaged in mid-term bargaining." The issue posed by the state, however, is whether arbitration is available under the statute in the case of failed negotiations that formally commenced prior to the change in the law.
Section 5-276a, which established the original elective binding arbitration law, was enacted in Public Act 86-411. That Act specified that it would take effect on a special effective date, July 1, 1986, not the usual October 1 effective date, and specified further that it "shall apply to any negotiations then in progress." The omission of such a specific directive in Public Act 91-290 is clear indication of legislative intent that that Act not be given the same retroactive effect that was given to Public Act 86-411. "[W]e consistently have expressed reluctance to construe statutes retroactively where the statutes affect substantial changes in the law, unless the legislative intent clearly and unequivocally appears otherwise." State v. Lizotte, 200 Conn. 734,741 (1986). That principle operates here to deprive Public Act 91-290 of retroactive effect. The Act does not apply to negotiations that commenced prior to October 1, 1991, the effective date of the Act.
For all of the reasons set forth above, the appeal of the State is sustained.
Maloney, J.